**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| ERIC NORRELL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AEROVIRONMENT, INC., WAHID NAWABI, KEVIN P. MCDONNELL, and MARY CLUM,<br><br>Defendants. | Case No.: 1:26-cv-01429-AJT-WEF<br><br>Hon. Anthony J. Trenga |

**MEMORANDUM OF LAW IN SUPPORT OF JAKRUMA PTY LTD. AND J & C
DESHPANDE SUPER FUND'S MOTION FOR APPOINTMENT AS LEAD
PLAINTIFFS, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.   FACTUAL BACKGROUND ................................................................................................ 2

II.  PROCEDURAL HISTORY ............................................................................................... 4

III. ARGUMENT ..................................................................................................................... 4

  A.   Appointing Movants as Lead Plaintiffs Is Appropriate ................................................... 4

    1.   Movants Filed a Timely Motion. ...................................................................... 5

    2.   Movants Have the Largest Financial Interest in the Relief Sought. ............................ 6

    3.   Movants Satisfy the Relevant Requirements of Rule 23. ........................................ 7

      a.   Movants' Claims Are Typical. ............................................................................. 7

      b.   Movants Are Adequate Representatives. ............................................................. 8

  B.   Approving Lead Plaintiffs' Choice of Counsel Is Appropriate. ...................................... 9

IV.  CONCLUSION .................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
324 F. Supp. 3d 335 (E.D.N.Y. 2018) .................................................................. 5, 6

*In re Cendant Corp.*,
264 F.3d 201 (3d Cir. 2001)...................................................................................... 9

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
269 F.R.D. 291 (S.D.N.Y. 2010) ............................................................................... 8

*In re E-Trade Financial Corp.* Securuties Litigation,
No. 07-cv-8538 (S.D.N.Y.)....................................................................................... 9

*Ford v. VOXX Int'l Corp.,*
No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015).............. 7

*In re Gentiva Sec. Litig.,*
281 F.R.D. 108 (E.D.N.Y. 2012)............................................................................... 7

*Gurevitch v. KeyCorp, et al.*,
No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ...................................................... 10

*Jaramillo v. Dish Network Corporation, et al.*,
No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023)........................................................... 9

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) .................... 7

*Martin v. BioXcel Therapeutics, Inc. et al.,*
No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ............................................................ 9

*Petersen v. Stem, Inc. et. al.,*
No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) .......................................................... 9

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*,
No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) ........................................................... 9

*Solomon v. Peloton Interactive, Inc. et al.,*
No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ........................................................... 9

*In re Tesla Inc. Securities Litigation,*
No. 3:18-cv-4865 (N.D. Cal.) ................................................................................... 9

*Thant v. Rain Oncology Inc. et al.*,
5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) .................................................................. 9

*Thant v. Veru, Inc. et al.,*
    No. 1:22-cv-23960 (S.D. Fla. July 27, 2023)........................................................................... 10

*In re U.S. Steel Securities Litigation,*
    No. 2:17-579-CB (W.D. Pa.) ..................................................................................................... 9

*Villanueva v. Proterra Inc. et al.,*
    No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ........................................................................... 9

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
    No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................... 7

**Statutes**

15 U.S.C. § 78u-4 ...........................................................................................................*passim*

**Rules**

FED. R. CIV. P. 23.................................................................................................... 1, 5, 6, 7

Jakruma PTY Ltd. and J & C Deshpande Super Fund ("Movants") respectfully submit this memorandum of law in support of their motion ("Motion") to appoint them as lead plaintiffs and approve their selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a class consisting of all person and entities other than Defendants that purchased or otherwise acquired AeroVironment, Inc. ("AeroVironment" or the "Company") securities between June 25, 2025 and March 10, 2026, both dates inclusive (the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants AeroVironment, Wahid Nawabi ("Nawabi"), Kevin P. McDonnell ("McDonnell"), and Mary Clum ("Clum") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movants believe that they are the "most adequate" movants, as defined by the PSLRA, and should be appointed lead plaintiffs based on the substantial financial losses they suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movants satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as their claims are typical of other Class members' claims and they will fairly and adequately represent the interests of the Class. In addition, Movants' selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial

experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.   FACTUAL BACKGROUND[1]

AeroVironment operates as a defense technology provider delivering integrated capabilities across air, land, sea, space, and cyber. ¶ 2.

On May 1, 2025, the Company announced it had completed the acquisition of BlueHalo, LLC ("BlueHalo"), a defense technology firm specializing in advanced engineering products, in an all-stock transaction with an enterprise value of approximately $4.1 billion. ¶ 3. Three years earlier, BlueHalo had been awarded a $1.4 billion contract to deliver BADGER phased array antenna systems (a type of advanced ground-terminal system used to track satellites), to support the U.S. Space Force's Satellite Communication Augmentation Resource ("SCAR") program. ¶ 4.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. ¶ 8. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) AeroVironment understated the likelihood that it would imminently face competition from other vendors for the work it performed in connection with the SCAR program and the U.S. Space Force's ongoing efforts to modernize the SCN; (ii) accordingly, Defendants overstated AeroVironment's business and financial prospects; and (iii) as a result, Defendants' public statements were materially false and misleading at all relevant times. *Id.*

The Company announced on January 20, 2026 that the U.S. government had issued a stop

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Norrell* Complaint") filed in the action styled *Norrell v. AeroVironment, Inc., et. al.,* Case No. 1:26-cv-01429-AJT-WEF (the "*Norrell* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Norrell* Complaint. The facts set forth in the *Norrell* Complaint are incorporated herein by reference.

work order on AeroVironment's agreement to deliver BADGER systems to the SCAR program. ¶ 9. In the same announcement, the Company stated that the stop work order "allows for the parties to negotiate an amended agreement for the future of the SCAR program" and that "[t]he Company expects to continue to deliver capabilities and products for the SCAR program." *Id.*

Following this disclosure, AeroVironment's stock price fell $61.97 per share, or 15.77%, to close on January 20, 2026 at $330.89 per share. ¶ 10.

Then, *Space News* reported on March 2, 2026 that the U.S. Space Force was reopening the SCAR program and "reassessing how to move forward." ¶ 11. *Space News* quoted Colonel Owen Stevens, director of contracting at the Space Rapid Capabilities Office, which supervised SCAR, as stating, "We have been in conversations with the [senior acquisition executive] *for a little while now*, and we are going to move into a new acquisition strategy for SCAR." *Id.*

In response to this news, AeroVironment's stock price declined 17.42%, or $43.93 per share, to close at $208.32 per share on March 2, 2026. ¶ 12.

On March 10, 2026, the Company announced its financial results for the third quarter of fiscal year 2026. ¶ 13. AeroVironment reported, among other items, a third-quarter operating loss of $179.0 million, compared to an operating loss of $3.1 million for the same period in fiscal year 2025. *Id.* These financial results reflected the impact of a $151.3 million goodwill impairment in the Company's space division after the stop work order on the Company's BADGER systems built for the SCAR program. *Id.* AeroVironment also reported that the U.S. Space Force had terminated the Company's contract concerning the SCAR program, and as a result, it would have to "*recompete*" for the SCAR program. *Id.*

As the market reacted to this news, AeroVironment's stock price dropped 6.24%, or $13.84 per share, to close on March 11, 2026 at $207.73 per share. ¶ 14.

3

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Norrell* Action against the Defendants. Plaintiff Eric Norrell ("Norrell") commenced the first-filed action on May 26, 2026.[2] On May 28, 2026, counsel acting on Norrell's behalf published a notice on *PRNewswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Elizabeth K. Tripodi in Support of Movants' Motion ("Tripodi Decl.").

## III.   ARGUMENT

### A.    Appointing Movants as Lead Plaintiffs Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

---

[2] On July 17, 2026, another action was filed against AeroVironment in District of Delaware, *City Pension Fund for Firefighters and Police Officers in the City of Miami Beach v. AeroVironment, Inc., et al.*, Case No. 1:26-cv-00875-CFC (the "*City Pension* Action"). While the *City Pension* Action alleges violations of the Exchange Act, it does so on behalf of a different class of shareholders, *i.e.*, shareholders who purchased common stock beginning at 4:30 PM ET on June 24, 2025, through June 18, 2026, inclusive. Movant reserves all rights to oppose any requests for consolidation if/when presented.

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movants satisfy the forgoing criteria and have complied with all of the PSLRA's requirements to be appointed lead plaintiffs. Movants have, to the best of their knowledge, the largest financial interest in this litigation—having lost $124,647.81 as a result of their transactions and meet the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Tripodi Decl. In addition, Movants are not aware of any unique defenses that Defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants respectfully submit that they should be appointed as lead plaintiffs. *See* *Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    Movants Filed a Timely Motion.

On May 28, 2026, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Plaintiff in the Action published the Press Release on *PRNewswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of AeroVironment securities that they had 60 days from the publication of the May 28, 2026 notice to file a motion to be appointed as lead plaintiff. *See* Tripodi Decl., Ex. C.

Movants timely filed their motion within the 60-day period following publication of the May 28, 2026 Press Release and submitted herewith a sworn certification attaching their transactions in AeroVironment securities and attesting that they are willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Tripodi Decl. By making a timely motion in response to a PSLRA notice, Movants satisfy the first PSLRA requirement to be appointed as lead plaintiffs. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

**2.      Movants Have the Largest Financial Interest in the Relief Sought.**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movants believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, are presumed to be the "most adequate plaintiff."

Movants acquired AeroVironment securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and were injured thereby. As a result of Defendants' false statements, Movants suffered an approximate loss of $124,647.81. *See* Tripodi Decl., Ex. B. Movants are unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movants believe that they have the "largest financial interest in the relief sought by the Class." Thus, Movants satisfy the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiffs for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

**3.      Movants Satisfy the Relevant Requirements of Rule 23.**

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movants need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at *6.

### a.      Movants' Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that Defendants' material misstatements and omissions concerning

AeroVironment's business, operational and financial results violated the federal securities laws. Movants, like all members of the Class, purchased or otherwise acquired AeroVironment securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movants' interests and claims are "typical" of the interests and claims of the Class.

### b.        Movants Are Adequate Representatives.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movants have demonstrated their adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Movants' financial losses ensure that they have sufficient incentive to ensure the vigorous advocacy of the Action. *See* Tripodi Decl., Ex. B. Movants are not aware that any conflict exists between their claims and those asserted on behalf of the Class.

Moreover, Movants are adequate representatives for the Class. Jayant Deshpande considers himself to be a sophisticated investor, having been investing in the stock market for over 5 years. Mr. Deshpande is the owner of Jakruma Pty Ltd., a company that provides disability and aged care support services, and co-trustee of the J & C Deshpande Super Fund, which serves as a retirement investment plan. Mr. Deshpande resides in Banksia Grove, Western Australia, and possesses a

degree in Information and Communication Technology. He is currently employed as an automation technician at FLSmidth Pty Ltd. Therefore, Movants will prosecute the Action vigorously on behalf of the Class. *See* Tripodi Decl., Ex. D, Jayant Deshpande's Declaration in support of Movants' motion.

Accordingly, Movants meet the adequacy requirement of Rule 23.

### B.     Approving Lead Plaintiffs' Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movants have selected Levi & Korsinsky to pursue this litigation on their behalf and have retained the firm as the Class' Lead Counsel in the event they are appointed as lead plaintiffs. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Tripodi Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been

appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movants' motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their Motion and enter an Order: (1) appointing Movants as Lead Plaintiffs; (2) approving their selection of Levi & Korsinsky as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

Dated: July 27, 2026                         Respectfully Submitted,

                                        **LEVI & KORSINSKY, LLP**

                                        By: /s/ *Elizabeth K. Tripodi*
                                             Elizabeth K. Tripodi (VA Bar #73483)
                                             **LEVI & KORSINSKY, LLP**
                                             1101 Vermont Ave. NW, Suite 800
                                             Washington, D.C. 20005
                                             Tel: (202) 524-4290
                                             Fax: (202) 333-2121
                                             Email: etripodi@zlk.com

10

Adam M. Apton (*pro hac vice* forthcoming)
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Jakruma PTY Ltd. and J & C Deshpande Super Fund, and [Proposed] Lead Counsel for the Class*

11

## **CERTIFICATE OF SERVICE**

I, Elizabeth K. Tripodi, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 27th day of July, 2026.

/s/ *Elizabeth K. Tripodi*
Elizabeth K. Tripodi